UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Enterprise Energy Corp.**, *et al.*,

      **Plaintiffs,**

-v-                                          Case No. 2:85-cv-1209
                                                  JUDGE SMITH
                                                  Magistrate Judge Abel

**Columbia Gas Transmission Corporation,**

      **Defendant.**


## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Allocate Class Action Settlement Monies and to Award Supplemental Attorney Fees and Class Representative Incentive Awards and to Address other Concluding Matters (Doc. 232); and the Cross-Motion of Columbia Gas Transmission Corporation for Return of Unpaid Settlement Moneys (Doc. 233). These motions are briefed and ripe for disposition.

In July 1985, certain gas producers with contracts with Columbia Gas Transmission Corporation ("Columbia") filed a class action against Columbia alleging that Columbia had, in violation of these contracts, unilaterally reduced the price to be paid to the class members under the cost recovery clause of the contracts. A class was certified by this Court, and the parties reached a settlement in February 1991, as evidenced by a "Stipulation of Proposed Class Action Settlement" (the "Settlement Agreement"). This Court preliminarily approved the settlement, conducted a fairness hearing, and ultimately approved the settlement in June 1991.

Under the terms of the Settlement Agreement, Columbia was to pay to the class

$30,000,000 for the price deficiency claims which arose during July 1985 to January 1991 (the "Settlement Fund"). The Settlement Agreement provided that Columbia would pay this $30,000,000 in two equal payments: the first in March 1991 (which already had been made), and the second in March 1992 (which was not timely or fully made due to Columbia's bankruptcy – a matter which will be discussed in more detail below). The Settlement Agreement also provided that Columbia would pay certain additional moneys for gas purchased by Columbia from class members during the period of January 1991 to April 1991, specifically $1,827,000 (the "Production Fund" moneys). Columbia timely paid the Production Fund moneys.

Pursuant to an attorneys' fees award of this Court, counsel for the class, the law firm of Vorys, Sater, Seymour & Pease, LLP ("Class Counsel"), was to receive $5,000,000 out of the settlement funds. Class counsel was to receive $2,500,000 from the first payment of $15,000,000, and the Production Fund moneys, and interest thereon; and the remaining $2,500,000 was to be paid from the second $15,000,000 portion of the Settlement Fund scheduled to be deposited in March 1992. The first $2,500,000 was timely distributed out of the escrow account to Class Counsel. But Class Counsel did not receive all of the second $2,500,000 due to the bankruptcy filing.

In July 1991, Columbia voluntarily filed for bankruptcy in the District of Delaware under Chapter 11 of the U.S. Bankruptcy Code. In the bankruptcy proceedings, Columbia identified the existing claim for the unpaid $15,000,000. Class Counsel and Columbia unsuccessfully attempted to secure a bankruptcy court declaration that Columbia be permitted to pay the full $15,000,000. The claim was ultimately classified as a general unsecured claim that was entitled to a pay out of 72.5% of the claim amount, or $10,875,000. In November 1995, and pursuant to the approved

bankruptcy plan, Columbia paid 72.5% of the claim, or $10,875,000, into the settlement fund escrow account ("escrow account") established under the Settlement Agreement.  Following this payment, Class Counsel facilitated the allocation and distribution of appropriate amounts to class members and class representatives, while collecting a pro-rata amount as attorneys' fees.  The escrow agent distributed $1,812,500 to Class Counsel, and allocated the remaining $9,062,500 ($10,875,000 minus $1,812,500) to the class members.

  The Settlement Agreement set forth a process in which the parties would identify the class members that received underpayments in connection with their contracts with Columbia.  The $30,000,000 was to be allocated, and then equitably distributed to, class members holding contracts pursuant to a qualification process ("qualified contracts").  The Settlement Agreement further provided that amounts allocated to particular class member contracts, but not distributed to these particular class member contracts, would be returned to Columbia.  The class members with contracts that originally were allocated settlement money, but did not receive distributions of their allocated share, included two groups:  contracts associated with members who did not perform the required steps to qualify their contracts for payment of the settlement moneys allocated to them ("unpaid contracts"), and contracts associated with class members who had released their right to participate in the class settlement as a result of previous individual settlements with Columbia ("released contracts") (collectively "unqualified contracts").

  Because of the release of rights by class members (unpaid contracts) and the failure of certain class members to complete the qualification process (released contracts), a certain portion of the original $15,000,000 was not distributed ($597,113.20), a certain portion of the Production Fund moneys was not distributed ($150,885.64), and a certain portion of the $10,875,000 of

bankruptcy plan proceeds was not distributed ($432,965.37). These undistributed funds remained in the escrow account and accrued interest. An additional amount was held in the escrow account, which constituted interest income allocable to the qualified contracts ($353,914.14). Interest continues to accrue on all remaining funds.

In view of Class Counsel's work in the bankruptcy proceedings, and as a means to prevent the continuously accruing interest on the remaining funds from being taxed by the federal government, Class Counsel periodically filed supplemental interim applications for attorneys' fees. Prior to the filing of the pending 1998 motions, Class Counsel had been awarded $43,750 in 1994; $105,000 in 1995; $85,000 in 1996; and $80,000 in 1997; for a total of $313,750; all in partial payment of whatever supplemental attorneys' fees award is made by this Court concerning Class Counsel's services in the bankruptcy matter. Since the filing of the pending 1998 motions, the Court has granted additional supplemental interim applications for attorneys' fees in the amount of $80,000 for 1998; $68,055 for 1999; $88,550 for 2000; $57,200 for 2001; $16,300 for 2002; $6,700 for 2003; $8,600 for 2004; $39,250 for 2005; $79,834 for 2006; $75,820 for 2007; and $74,996 for 2008; for a total of $595,305. Therefore, Class Counsel has received a total of $909,055 as a result of supplemental attorneys' fees awards since the settlement approval in 1991.

In order to complete the implementation of the Settlement Agreement (*i.e.*, distribute the funds remaining in the escrow account), Plaintiffs' filed their Motion to Allocate Class Action Settlement Monies and to Award Supplemental Attorney Fees and Class Representative Incentive Awards and to Address other Concluding Matters ("motion to allocate") (Doc. 232). By this motion, Plaintiffs generally seek an order to allocate the funds remaining in the escrow account to the class members with qualifying contracts as recoupment for damages sustained due to

Columbia's failure to fully and timely pay the second $15,000,000 settlement payment, and that the funds should be distributed to the qualified contracts and/or used for payment of allowed class expenses and allowed Class Counsel fees.  In response to Plaintiffs' motion, Columbia filed a Cross-Motion for Return of Unpaid Settlement Moneys (Doc. 233).  Columbia argues that, under the terms of the Settlement Agreement, it is entitled to all funds remaining in the escrow account, with the exception of the interest income allocable to the qualified contracts ($353,914.14 at the time of the motion).

In their motion to allocate, Plaintiffs specifically request the following: (1) a declaration and order that the class members who have not qualified their contracts (the unpaid contracts) have forfeited their right to participate in the settlement; (2) a declaration and order that all settlement moneys that would have been allocated to the unpaid contracts shall be retained by the class and used in recoupment of a portion of the damages sustained by the class due to Columbia's failure to pay timely or fully the second $15,000,000, and to further declare that such moneys be distributed to class members with qualified contracts and/or for payment of class expenses and Class Counsel fees; (3) a declaration and order that all settlement moneys that would have been allocated to class members associated with released contracts shall be retained by the class and used in recoupment of a portion of the damages sustained by the class as a result of Columbia's failure to pay timely or fully the second $15,000,000 settlement payment, and to further declare that such moneys shall be distributed to class members with qualified contracts and/or used for payment of allowed class expenses and allowed Class Counsel fees; (4) a declaration and order that Columbia's bankruptcy plan payment of $10,875,000 shall be distributed exclusively to the members associated with qualified contracts and in payment of class

5

expenses and Class Counsel fees, and not to the unpaid or released contracts; (5) an order that the escrow agent shall allocate and distribute the remaining settlement moneys among qualified contracts in the same manner as previously allocated and distributed, except that such allocation and distribution method shall be modified so that no settlement payment is made to any class member which would result in a payment of less than $10; (6) an order awarding a supplemental incentive award to the six class representatives in the amount of $30,000 each, in compensation for and recognition of the class representatives' additional service to the class caused by the Columbia bankruptcy; (7) an order awarding supplemental attorneys' fees to Class Counsel in the amount of $623,205 with respect to the additional services provided due to the Columbia bankruptcy, plus $6,775.61 for expenses, less any amounts previously allowed and paid to Class Counsel relating to these fees and expenses; (8) an order authorizing payment to Class Counsel of $687,500, which represents the amount Class Counsel was not fully paid because of Columbia's failure to timely and fully pay the second $15,000,000, or, in the alternative, the pro-rata share of such amount that represents the same pro-rata share that class members holding qualified contracts receive in distributions as a result of this motion in relation to their expected distribution had Columbia timely and fully paid the second $15,000,000; and (9) an order that any settlement moneys which remain in the Settlement Fund or Production Fund after six months from the date of the issuance of the last distribution checks in this matter shall be retained by Class Counsel in payment of additional expenses and fees necessary to complete and conclude the settlement implementation.

The Court will first address the central issue presented by the motion to allocate, and the cross-motion – whether Columbia is entitled to the remaining funds in the escrow account or

whether these funds should be retained by the class, reallocated, and ultimately distributed as requested by Plaintiffs. Plaintiffs argue that settlement moneys that would have been allocated to unqualified contracts should be reallocated and ultimately distributed to class members with qualifying contracts as recoupment for Columbia's failure to pay timely or fully the second $15,000,000, and/or should be used to pay class expenses and Class Counsel fees. Columbia argues that the undistributed funds in the escrow account should not be reallocated to class members holding qualifying contracts, or used to pay class expenses or Class Counsel fees, but should be returned to Columbia pursuant to the Settlement Agreement and the refund provision contained therein. Columbia also argues that distributing these funds as requested by Plaintiffs would contravene the bankruptcy court's order confirming Columbia's Reorganization Plan.

>Paragraph 11 of the Settlement Agreement provides in part as follows:

>If the amount allocated to a particular contract by Class Counsel in the equitable manner as approved by the Court after deduction of such contract's share of legal fees, expenses and Class Representatives' fees . . . is not finally distributed to that particular contract, then such [amount], including any interest earned on such [amount] . . . shall be returned to Columbia pursuant to a later Court order which the parties hereto will seek to obtain by no later than June 1, 1992.

(Doc. 232, Ex. E). Additionally, Columbia's Reorganization Plan, which was approved by order of the bankruptcy court (the "Confirmation Order"), provides in part as follows:

>As of the Confirmation Date [November 15, 1995] . . . all Persons that have held, currently hold or may hold a Claim or other debt or liability that is discharged pursuant to the terms of the [Reorganization] Plan are permanently enjoined from . . . asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to Columbia, Reorganized Columbia or their respective properties.

(Doc. 233, Ex. B). Pursuant to the Confirmation Order of the bankruptcy court, the Reorganization Plan and its provisions are binding upon "any holder of a Claim against . . .

7

Columbia" among others.  (Doc. 233, Ex. C).

Columbia asserts that it is entitled to the funds remaining in the escrow account pursuant to the Settlement Agreement provision concerning undistributed funds.  Thus, it asserts a claim to the money that was not distributed and remains in the escrow account.  Columbia also argues that Plaintiffs are precluded from asserting a claim to the funds because their claim for the $15,000,000 was discharged and they are not entitled to a set-off or recoupment of any funds pursuant to the bankruptcy court order.  Plaintiffs argue that Columbia cannot now raise any issue concerning a claimed refund of the settlement moneys because it did not disclose this refund claim in its bankruptcy case.

As a general rule, the "[c]onfirmation of a plan of reorganization constitutes a final judgment in bankruptcy proceedings." *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992).  Such confirmation by a bankruptcy court "has the effect of a judgment by the district court and res judicata principles bar relitigation of any issues raised or that could have been raised in the confirmation proceedings." *In re Chattanooga Wholesale Antiques, Inc.*, 930 F.2d 458, 463 (6th Cir. 1991).  However, the res judicata effects of a confirmation order may be avoided if a claim is "expressly reserved by the litigant in the earlier bankruptcy proceeding." *Browning v. Levy*, 283 F.3d 761, 774 (6th Cir. 2002).  Thus, the debtor "must have either adjudicated its claims in the bankruptcy proceeding or reserved them in the reorganization plan or confirmation order." *Id.*  And "a general reservation of rights does not suffice to avoid res judicata." *Id.*

It is undisputed that Columbia did not expressly disclose, or specifically mention, its refund claim in the bankruptcy matter.  Application of the principles discussed in *Browning*

8

require a determination that Columbia is precluded from asserting a claim to the funds remaining in the escrow account. But the analysis does not end here because operation of the Confirmation Order also conversely prevents Plaintiffs from asserting a claim to the funds remaining in the escrow account. By the terms of the Confirmation Order, any claim to the $15,000,000 was discharged. Additionally, the bankruptcy order expressly states that persons holding a discharged claim are precluded from asserting any recoupment against any debt, liability or obligation due to Columbia. Thus, applying this language, Plaintiffs are not entitled to seek recoupment relating to any claim they had against Columbia that was discharged pursuant to the terms of the Reorganization Plan.

Furthermore, Columbia's failure to make the second $15,000,000 payment constituted a failure to perform a "material obligation" under the Settlement Agreement, *In re Columbia Gas System, Inc.*, 50 F.3d 233, 240 (3rd Cir. 1995), and the parties did not address in the Settlement Agreement, by a liquidated damages clause or by some other provision, how such a failure would be remedied.

This situation leaves the conundrum of determining what party is entitled to the remaining funds in the escrow account when application of principles of bankruptcy law seemingly preclude either party from making a claim to the funds, and when the parties' agreement between themselves did not address this scenario – thereby potentially leaving the funds and interest in the account for perpetuity.

Under these circumstances, the Court is guided by the principles of equity in fashioning an appropriate remedy. *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 460 (6th Cir. 2004) ("It is well-established that federal courts possess broad discretion to fashion

9

equitable remedies."); *Carter–Jones Lumber Co. v. Dixie Distrib. Co.*, 166 F.3d 840, 846 (6th Cir. 1999) ("[f]ederal courts are courts in law and in equity, and a court of equity has traditionally had the power to fashion any remedy deemed necessary and appropriate to do justice in a particular case."). Exercise of this power is necessary, however, only when the resolution of a dispute cannot be resolved in law. *See Regional Airport Authority of Louisville v. LFG, LLC*, 460 F.3d 697 (6th Cir. 2006) (citing the maxim "equity follows the law"); *see also Lemon v. Kurtzman*, 411 U.S. 192, 200 (1973) ("[E]quitable remedies are a special blend of what is necessary, what is fair, and what is workable.").

In view of the terms of the Settlement Agreement, it is clear that the parties agreed that undistributed money would be returned to Columbia. But the parties also agreed that Columbia would pay the $15,000,000 timely and fully, which did not happen. By requiring the refund, the parties presumably recognized that funds allocated to the unqualified contracts would most appropriately be returned to Columbia because the members holding qualifying contracts would be sufficiently compensated, assuming Columbia timely paid the $15,000,000. Thus, although Columbia has not received a refund of the undistributed funds allocated to unqualified contracts, the members holding qualified contracts did not receive the full benefit of the bargain.

In this situation, only Plaintiffs have suffered a loss. They reached an agreement with Columbia in connection with their claim that Columbia had unilaterally reduced the price to be paid to the class members under the cost recovery clause of the pertinent contracts. The Settlement Agreement provided that Columbia was obligated to pay the $30,000,000 in two installments. Columbia failed, however, to make timely or fully the second installment. The claim to the $15,000,000 was legally discharged as part of the bankruptcy proceeding, and only 72.5%

of that amount was paid pursuant to the reorganization.  Thus, from Plaintiffs' perspective, they suffered a significant loss because the full $15,000,000 was not timely and fully paid (the $10,875,000 was paid in 1995, more than three years after it was due under the Settlement Agreement).  Furthermore, it is undisputed that had Columbia timely and fully paid the $15,000,000, the total amount that would have been distributed to the members holding qualified contracts would exceed the combined amount of funds that were in fact distributed and funds that remain in the escrow account.

Conversely, Columbia suffered no loss as it relates to its agreement with Plaintiffs.  To the contrary, Columbia benefitted from reorganizing pursuant to bankruptcy law because it was able to pay only 72.5% of the discharged claim amount.  And the provision providing that Columbia would receive undistributed funds effectively became unenforceable after Columbia failed to timely and fully make the second $15,000,000 payment.  Because it suffered no loss as it relates to its agreement with Plaintiffs, Columbia would obtain a windfall if the remaining funds were returned to it – clearly an unjust result.  Columbia would in effect receive the benefit of the bargain without having met its obligations under the agreement it reached with Plaintiffs. Alternatively, a distribution of the remaining funds to the class members holding qualified contracts, class expenses, and Class Counsel fees will result in the partial recoupment of loss sustained by them due to Columbia's failure to meet its obligation under the Settlement Agreement.  Equity and fairness dictate this result.  Accordingly, all settlement moneys that were or would have been allocated to the unqualified contracts shall be retained by the class, and allocated and distributed according to the methodology discussed below.

Having determined that the remaining funds in the escrow account should be reallocated

11

to the class members with qualifying contracts, and to pay class expenses and Class Counsel fees, and not returned to Columbia, the Court must determine the details of this reallocation. Plaintiffs' motion to allocate sets forth a methodology for this allocation and distribution. In arguing that it is entitled to funds in the escrow account, Columbia generally challenges Plaintiffs' requested allocation and distribution. Columbia does not, however, develop any argument challenging the requested allocation and distribution, should the Court determine that Columbia is not entitled to funds in the escrow account.

The Court finds that Plaintiffs' requested allocation and distribution methodology is reasonable and supported by the undisputed facts. Therefore, the Court declares and orders as follows: the holders of unpaid contracts have forfeited their right to participate in the settlement by not qualifying their contracts; the six class representatives are awarded a supplemental incentive award in the amount of $30,000 each in compensation for and recognition of the class representatives' additional service to the class caused by the Columbia bankruptcy; the remaining settlement moneys shall be distributed among the qualified contracts in the same manner as previously allocated and distributed, except that such allocation and distribution method shall be modified so that no settlement payment is made to any class member which would result in a payment of less than $10; Class Counsel is not awarded any additional supplemental attorneys' fees because Class Counsel already has been awarded $909,055 in supplemental attorneys' fees (Class Counsel requested $623,205), however, $6,775.61 of the remaining funds shall be distributed for expenses incurred from June 1, 1995, through May 31, 1996; as it relates to the original attorneys' fees award of $5,000,000 which was not fully satisfied, Class Counsel is entitled to a distribution of the pro-rata share of such amount that represents the same pro-rata

12

share that class members holding qualified contracts receive in distributions as a result of this order in relation to their expected distribution had Columbia timely and fully paid the second $15,000,000; Class Counsel's pro-rata distribution shall be off-set by $285,850, which represents the amount of supplemental attorneys' fees that it previously was awarded in excess of the requested amount of supplemental attorneys' fees; finally, any settlement moneys which remain in the escrow account after six months from the date of the issuance of the last distribution checks in this matter shall be retained by Class Counsel in payment of additional expenses and fees necessary to complete and conclude the settlement implementation.

Accordingly, Plaintiffs' Motion to Allocate Class Action Settlement Monies and to Award Supplemental Attorney Fees and Class Representative Incentive Awards and to Address other Concluding Matters (Doc. 232) is **GRANTED**; and the Cross-Motion of Columbia Gas Transmission Corporation for Return of Unpaid Settlement Moneys (Doc. 233) is **DENIED**.

The Clerk shall remove Documents 232 and 233 from the Court's pending motions list.

**IT IS SO ORDERED.**

 *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**